# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOISIANA

BORIS ODYNOCKI,
Plaintiff *pro se*

vs.

DELTA AIR LINES, Inc.
Defendant

CIVIL ACTION



# COMPLAINT

*Synopsis*

Delta Air Lines bumped plaintiff from its flight #983 from Bogota, Colombia to New Orleans, yet refused to grant him refund for the denied flight on the ground that the company policy forbids compensating customers for cancelled flights. Plaintiff demands a refund for the denied flight and for associated expenses (unplanned hotel stay in Bogota, unexpected transportation to/from airport, for a flight home by another airline, and for emotional anguish he felt upon discovery that he was abandoned in a foreign country.
   An attempt to settle these claims out of Court was ignored by Delta staff and its CEO Ed Bastian.

## I.   INTRODUCTION

1. The cause of this action is the wrongful refusal by the defendant to provide travel and travel-related services, ***paid for in full,*** by plaintiff and ***promised*** by the defendant during the act of ticket sale.

2. Defendants knowingly and intentionally inflicted upon plaintiff emotional pain and suffering by bumping him from the flight without warning and explanation.

1

3. Plaintiff demands compensatory damages, punitive damages, damages for intentional infliction of emotional pain, and reimbursement for legal expenses.

4. This complaint against Delta is not the plaintiff's first one. On Feb. 20, 2009, he purchased online Delta's three tickets to Europe. But when on May 24 he arrived with his wife and the 8-year-old daughter at the boarding zone he was flatly denied access to the plane. The reason given was that the child's ticket was assigned by the seller to the 69-year-old father who had his own ticket. Delta declined to correct the error. It also flatly refused to pay back the money it took for the three tickets. Only the lawsuit (Case No. 09-3941) in this Court (Judge Lemmon) convinced the company to grant the refunds.

## II.   PARTIES

**Plaintiff** *pro se* Dr. Boris Odynocki is of full age of majority residing at 234 Goldenwood Dr. in Slidell, St. Tammany Parish, Louisiana 70461. His telephone number is 985- 285-0325. His email address is odynock@aol.com.

**The Defendant** is Delta Air Lines Inc. located at 1030 Delta Blvd. Atlanta, Ga. 30354. Its email address is *deltaairlines@t.delta.com* and telephone number is 206-251-9000 or 800-736-7295.

## III.   JURISDICTION AND VENUE

1. This Court has jurisdiction over claims herein pursuant to Warsaw Convention provision 28(1), 30 permitting actions for damages to be brought in carriers' domicile or principal place of

2

doing business.

2. This Court has personal jurisdiction over the defendant because Delta has conducted substantial business in this judicial district.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Code 1391 because defendant transacts business in this district, is subject to personal jurisdiction in this district, and therefore is deemed to be citizen of this district. And, because a substantial part of the events giving rise to the claims in this complaint occurred in this district.

4. In addition, the jurisdiction of this court is invoked under the provision of 49 U.S.C. Section 1305(A)(I) and Section 41310 which regulate air travel in the U.S. at the federal level.

5. Moreover, the cause of this complaint – the events that led to this lawsuit – occurred mostly in the New Orleans Metropolitan Area.

## IV.  FACTS

6. On April 22, 2024, plaintiff purchased online a round-trip ticket from the New Orleans International Airport (MSY) to the Bogota El Dorado International Airport in Colombia for $434.90 in Slidell, St. Tammany Parish, Louisiana. (Exhibit 1, a), b), c), d))

7. On Thursday, May 23, 2024, at 02:56 pm CT, plaintiff received an email with confirmation number GN5QV3 advising him to check at the Delta boarding zone Friday, May 24, 2024 for a return flight #983 departing on May 24, 2024, at 2:55 pm from Bogota's El Dorado International Airport. (Exhibit 2)

8. The next day, Friday, May 24, plaintiff received another email with confirmation number GN5QV3 titled "**PREPARE FOR TAKEOFF**". It advised plaintiff that departure time from Bogota is 2:55 pm Friday May 24, DL 983, and added "**Boarding closes at 2: 40 pm**."

9. On Friday, May 24, plaintiff arrived at 10 am at the airport looking for the boarding area of Delta Air Lines. It was nowhere to be seen! Finally, he discovered it shortly before 2 pm. But when he attempted to enter the boarding area, he was stopped by the Delta employee who declared that plaintiff cannot board the aircraft because he came too late (!?).

10. Plaintiff waited until 4 pm for the customer service agent to find a solution to the problem but no one showed up.

11. The plaintiff stayed abandoned at the airport without lodging, without food, and without ability to communicate with the locals which caused him mental distress, anguish, anxiety, humiliation, and extreme levels of embarrassment.

12. When the plaintiff opened his computer to find solutions to the problem, he discovered another email from Delta. The title of the email was "**Your New Flight Information**". It said: "The departure time for your upcoming flight. Trip Confirmation #GN5QV3 has been adjusted due to a change in your flight schedule." According to the email, Delta #983 was supposed to depart from Bogota at 3:30 pm, not at 2:55 pm as previously scheduled. (Exhibit 3)

13. It should be noted here that *the Delta boarding zone was completely deserted by both the passengers hurrying to enter the carrier and the Delta customer service staff attempting to assist them between 1:50 pm and 4 pm when plaintiff was visiting the area.*

14. *Hence, the Delta employee's accusation that plaintiff arrived too late for boarding the plane was a lie(!)*

4

15. The Delta employees gave no other reasons for bumping.

16. Also, they remained mum about Delta's legal obligation to compensate the customer for the denied flight, for the meal and for the hotel stay.

17. The next day, plaintiff paid $412.68 for the Spirit Airline flight from Bogota to Orlando, FL and $215.10 for its flight from Orlando, FL to New Orleans (MSY) [Exhibit 4].

## V.   ARGUMENTS AND LAW

18. The legal relationship that has been established between the parties has been grounded in the law of contract. Defendant promised to provide travel services to and from Bogota, Colombia and plaintiff paid for it the demanded price.

19. A promise is a "manifestation of intention to act… so made as to justify a promise in understanding that a commitment has been made (*Restatement, Contracts, Statute 2*). And *Art.1906 of La. Civil Code defines contract "… as an agreement by two or more parties whereby obligations are created…"*

20. U.S.C. Section 1-203 provides: "Every contract or duty within this Act imposes an obligation of good faith in its performance or enforcement. The basic definition of good faith that appears in U.C.C. Section 1-201 (19) is "honesty in fact in conduct of transaction".

21. The willful refusal by defendants to acknowledge the fact constitutes violation of the obligation of good faith performance of the contract required by law.

22. The breach of contract was inexcusable, done under flimsily fabricated pretext in order to defraud the plaintiff.

23. According to *La. Civil Code Art. 1953:*" Fraud is a misrepresentation or a suppression the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other"

24. Federal statutes also demand that contract modification, like its formation, requires mutual assent. *Art. 2 of the U.C.C.* recognizes this in *Comment 2 to U.C.C. Section 2-209* which states in part:" Modification must meet the test of good faith imposed by this Act. The effective use of bad faith to escape performance of the original contract is barred, and the extortion of "modification" without legitimate commercial reason is ineffective as violation of the duty of good faith."

**RULES OF THE U.S. DEPARTMENT OF TRANSPORTATION, TITLE 14 WHICH DELTA VIOLATED**

25  In addition, the Department of Transportation requires that bumped passengers must be compensated if they are denied boarding without their consent, although they have confirmed reservation and arrived at the departure gate on time. [Statute 250.2b(d)]

26  Passengers experiencing longer delays on flights ought to receive payments of four times the one-way value of the flight they were bumped from. [Statute 250.5 (3)].

27. Carriers must proactively offer to pay compensation to a passenger who is voluntarily or involuntarily denied boarding..., rather than waiting until the passenger requests the compensation. [Statute 250.2b(d)].

28. Compensation shall be at least 400% of the fare to the passenger destination, if the carrier does not offer alternate transportation... [Statute 250.5 (a)(3)]

27. Every carrier shall tender to an eligible passenger compensation, cash or immediately negotiable check for the appropriate amount on the day and place the denied boarding occurs, as provided by paragraph (b), in statute 250.5.[Statute 250.8(a)].

28. Furthermore, Delta was violating Section 503 of the Federal Aviation Administration Reauthorization Act of 2024, which codified the right to a refund for airline passengers whose flights were cancelled, significantly delayed, or significantly changed.

29. Besides, Section 505 of the FAA law provides that "customers should be able to access real time assistance from customer service agents of air carriers without an excessive wait time…"

## VI.   CLAIMS FOR RELIEF

30. Since the plaintiff was involuntarily bumped from the flight which was confirmed and for which he arrived on time, he must be compensated according to the above cited laws as follows:

    a. $217.45 for the portion of the flight to New Orleans (MSY) from Bogota from which he was bumped against his will.

    b. 400% of the ticket price ($412.68) for the Spirit Airline flight from Bogota to Orlando, Fl which is $1650.72

    c. $215.10 for the cost of the Spirit Airline flight from Orlando, Fl to New Orleans (MSY).

    d. $69.36 for an unexpected hotel stay which resulted from the bumping (Exhibit 5).

    e. $24.00 for the commute by taxi to/from the airport

    f. $29.27 for a meal at Orlando airport.

    g. All in all, the plaintiff suffered a loss of $2,336.36. because of Delta's brazen disregard for passenger's rights.

## VII.   PREYER FOR RELIEF

7

**Wherefore** the plaintiff respectfully requests this Court to order defendant Delta Air Lines to reimburse him for the monetary losses and anguish he suffered as a result of the bumping. More specifically, he asks this Court to order Delta to pay the plaintiff for the following:

a. $217.45 for the portion of the ticket that was never honored by the defendants.

b. To pay the plaintiff 400% of the ticket price for the Spirit Airline flight from Bogota to Orlando, Fl. which amounts to $1650.72.

c. $215.10 for the cost of the Spirit Airline flight from Orlando Fl. to New Orleans.

d. $69.36 for the unexpected hotel stay caused by bumping. (Exhibit 5)

e. $24 for the commute by taxi to/from the Bogota airport.

f. 29.27 for a meal at Orlando airport restaurant "On the Border". (Exhibit 6)

g. $10,000 for mental distress, anguish, anxiety, and humiliation the plaintiff felt when he discovered that he was abandoned in a foreign country by the defendant with complete disregard for the harm it will cause to the plaintiff's mental state. (Stewart v. Arkansas R.R., 112 La. 764, 768-69, 36 So.676, La. C. C. art.2315. Liability for acts causing damages (1904) [A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.] In addition, *La. Civil Code, Art. 2316* reads: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."

h. All in all, plaintiff requests this Honorable Court to grant him a judgment obliging defendant to pay him $12,205.9 for the pecuniary losses and mental injury he suffered because of bumping.)

i. Grant judgment to plaintiff awarding him court costs and expenses.

Plaintiff's attempts to settle these claims out of court were ignored by the CEO of the company and his staff. (Exhibits 7, 8,9)

**Date:** September ___, 2024

Respectfully Submitted by

*Boris Odynocki* (signed)
Boris Odynocki
Plaintiff *pro se*
234 Goldenwood Dr.
Slidell, La 70461
Phone: 985-285-0325
Email: odynock@aol.com

## CERTIFICATE OF SERVICE

This complaint will be delivered to Delta Air Lines by the process server **abclegal** located at 3525 Piedmont Rd/ NE, Atlanta, Ga 30328, virtual address: www.abclegal.com; phones: 206-521-9000 or 800-736-7295. Proof of delivery (certificate of service) and affidavit indicating the means of service from the process server will be supplied to this court as soon as possible.

*Boris Odynocki* (signed)